1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   ANTONIO EDWARDS,                    Case No.  1:21-cv-01650-ADA-HBK (PC)
12              Plaintiff,               SCREENING ORDER FINDING THE
                                         COMPLAINT STATES A COGNIZIABLE
13        v.                             EXCESSIVE FORCE CLAIM
14   G. ARREGUIN,
15              Defendant.
16
17          Pending before the Court is Plaintiff Antonio Edward's pro se civil rights compliant folder

18   under 42 U.S.C. § 1983 on November 15, 2021.  (Doc. No. 1, "Complaint").  The Court granted

19   Plaintiff's motion for leave to proceed *in forma pauperis*.  (Doc. No. 7).  As set forth below, the

20   Court finds the Complaint states a cognizable Eighth Amendment excessive force claim against

21   Defendant G. Arreguin.  By separate order, the Court will direct service of process.

22                              **Summary of the Complaint**

23          The Court accepts as true the factual allegations in the Complaint for purposes of this

24   screening order.  Plaintiff identifies one sole Defendant: G. Arreguin, a correctional officer at

25   California State Prison at Corcoran.  (Doc. No. 1 at 2).  The alleged events giving rise to the claim

26   occurred at California Substance Abuse and Treatment Facility.  (*Id*.).  Due to its brevity, the

27   Court recites verbatim the factual allegations set forth in the Complaint:

28          I was  sprayed,  slammed  to  the  ground  and  punched  all  while

1
2
3
4

> handcuffed behind my back.  I was asked to turn around and place my hands behind my back to be cuffed which I complied without incident.  As I was getting escorted out of the rotunda Officer G. Arreguin screamed get …. down… while spraying me. I was slammed to the ground by officer Sanchez and then was being attacked by G. Arreguin which was (sprayed, punched and kicked).[1]

5
6

(*Id.* at 3)(errors in original).  As a result of the unprovoked attack, Plaintiff sustained bruises and pain in his back when he lays a certain way.  (*Id.*).  As relief, Plaintiff seeks compensatory and punitive damages, and any other relief the Court deems appropriate.  (*Id.* at 6).

7

**Standard of Review**

8
9
10
11
12
13
14
15

Because Plaintiff commenced this action while in jail, Plaintiff is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees under 28 U.S.C. § 1915A before directing service upon any defendant.  This requires the court to identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

16
17
18
19
20
21
22
23
24
25
26
27

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Claims are frivolous where they are based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).  Examples of immunity considered during the screening that would preclude relief, include quasi-judicial immunity, sovereign immunity, or qualified immunity.  Additionally, a prisoner plaintiff may not recover monetary damages absent a showing of physical injury.  *See* 42 U.S.C. § 1997e(e).  In other words, to recover monetary damages, a plaintiff must allege a physical injury

28

---

[1] The court omits expletive words from the quotation.

that need not be significant but must be more than *de minimis*, except for claims involving the First Amendment. *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (agreeing with the Second, Fifth, and Eleventh Circuits on PLRA's injury requirement).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint in the light most favorable to the plaintiff, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.2d 920, 925 (9th Cir. 2003). The court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

### Applicable Law and Analysis

Inmates who sue prison officials for injuries sustained while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or, if the claim is pursued by a pre-trial detainee who is not convicted, under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520 (1979) (holding that under the Due Process Clause, a pre-trial

1   detainee may not be punished prior to conviction).  The Eighth Amendment protects inmates from

2   inhumane methods of punishment and conditions of confinement.  *See Farmer v. Brennan*, 511

3   U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  To constitute cruel

4   and unusual punishment in violation of the Eighth Amendment, prison conditions must involve

5   "the wanton and unnecessary infliction of pain."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

6   "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on

7   prison officials, who may not … use excessive physical force against prisoners."  *Farmer v.*

8   *Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using

9   excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is …

10   whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

11   and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  When

12   determining whether the force was excessive, the Court looks to the "extent of injury suffered by

13   an inmate…, the need for application of force, the relationship between that need and the amount

14   of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made

15   to temper the severity of a forceful response.'"  *Id*. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312,

16   321 (1986)).  While *de minimis* uses of physical force generally do not implicate the Eighth

17   Amendment, significant injury need not be evident in the context of an excessive force claim,

18   because "[w]hen prison officials maliciously and sadistically use force to cause harm,

19   contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

20          Here, accepting the factual allegations as true, Plaintiff alleges he was fully complying

21   with correctional officials' orders during escort when Defendant Arreguin attacked him without

22   provocation.  The attack occurred while Plaintiff's hands were handcuffed behind his back.

23   Plaintiff alleges Arreguin sprayed him, and then continued to punch and kick him while he lay on

24   the ground.  As a result of the attack, Plaintiff alleges he sustained injuries.  The Court finds the

25   Complaint state a cognizable excessive force claim in violation of the Eight Amendment.  The

26   Court will issuing a separate order directing service of process on Defendant Arreguin.

27          Accordingly, it is **ORDERED**:

28          The Complaint states a cognizable Eighth Amendment excessive force claim.  The Court

4

will direct service by separate order.

Dated:     September 19, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE