UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTONIO EDWARDS,

           Plaintiff,

   v.

G. ARREGUIN, CDCR Correctional Officer,

           Defendant.

Case No. 1:21-cv-01650-ADA-HBK (PC)

ORDER REFERRING CASE TO EARLY ADR AND STAY OF CASE

DEADLINE TO OPT OUT DUE BY:

March 21, 2023

      Plaintiff Antonio Edwards is a state prisoner proceeding pro se and *in forma pauperis* on his Complaint brought pursuant to 42 U.S.C. § 1983.  (Doc. No. 1).  As set forth in the Court's September 20, 2022, Screening Order, Plaintiff's Complaint stated a cognizable Eighth Amendment excessive use of force claim against Defendant Arreguin.  (Doc. No. 13).  After Defendant waived service, the Court granted Defendant a ninety (90) day extension of time to file a responsive pleading.  (Doc. Nos. 17, 19).

      The Court refers all civil rights cases filed by pro se individuals to early Alternative Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively.

1  *See also* Local Rule 270.  In appropriate cases, defense counsel from the California Attorney

2  General's Office have agreed to participate in early ADR.  No claims, defenses, or objections are

3  waived by the parties' participation.

4        Attempting to resolve this matter early through settlement now would save the parties the

5  time and expense of engaging in lengthy and costly discovery and preparing substantive

6  dispositive motions.  The Court therefore will STAY this action for 120 DAYS to allow the

7  parties an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement

8  discussions, or agree to participate in an early settlement conference conducted by a magistrate

9  judge.  The Court presumes that all post-screening civil rights cases assigned to the undersigned

10  will proceed to a settlement conference at some point.  If after investigating Plaintiff's claims and

11  meeting and conferring, either party finds that a settlement conference would be a waste of

12  resources, the party may opt out of the early settlement conference.

13        Accordingly, it is **ORDERED**:

14      1.    This action will remain **STAYED until further order** to allow the parties an

15  opportunity to settle their dispute.  Defendant may file a response to the Complaint during the

16  stay period, but the parties may not file other pleadings or motions during the stay period.

17  Further, the parties shall not engage in formal discovery until the Court issues a Scheduling and

18  Discovery Order.

19      2.    **Within 120 days** from the date on this Order, or no later than March 21, 2023, the

20  parties shall file a notice if they object to proceeding to an early settlement conference or if they

21  believe that settlement is not currently achievable.

22      3.    If neither party has opted out of settlement by the expiration of the objection

23  period, the Court will assign this matter by separate Order to a United States Magistrate Judge,

24  other than the undersigned, for conducting the settlement conference.

25      4.    If the parties reach a settlement prior to the settlement conference, they SHALL

26  file a Notice of Settlement as required by Local Rule 160

27

28

1        5.    The Clerk of Court shall serve Supervising Deputy Attorney R. Lawrence Bragg

2    with a copy of Plaintiff's Complaint (Doc No. 1); the Court's Screening Order and (Doc No. 13);

3    and this Order.

4        6.    The parties must keep the Court informed of their current addresses during the stay

5    and the pendency of this action.  Any changes of address must be reported promptly by filing a

6    Notice of Change of Address with the Clerk of Court. *See* Local Rule 182(f).

7

8    Dated:   __November 21, 2022__

9                                          HELENA M. BARCH-KUCHTA

10                                         UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28